2019 IL App (1st) 171370-U

No. 1-17-1370

Order filed November 22, 2019

First District
Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 DV 71086 |
| | ) | |
| ANTONIO HALLOM, | ) | Honorable |
| | ) | Michael Clancy, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Hoffman and Justice Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's conviction for misdemeanor domestic battery is affirmed over his contention that the evidence was insufficient to prove him guilty beyond a reasonable doubt.

¶ 2    Following a bench trial, defendant, Antonio Hallom was convicted of misdemeanor domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2016)) and sentenced to 60 days' imprisonment.

On appeal, he contends the State failed to prove him guilty beyond a reasonable doubt. For the following reasons, we affirm.[1]

¶ 3     At trial, the victim, Christopher Wheaton, testified he had six children with Latisa Oliphant, defendant's sister. Defendant was his children's uncle. On February 12, 2017, at about 6 p.m., Mr. Wheaton was walking to his car outside a residence on the 4000 block of West Monroe Street. Mr. Wheaton had been visiting a friend who lives in a building at 4019 West Monroe (the building). Ms. Oliphant approached the car and opened the car door and told him "to give her, her stuff." Mr. Wheaton eventually realized defendant was behind him; defendant came from behind the car. Mr. Wheaton attempted to walk away, but defendant struck him in his "upper right lip" with a closed fist. Before police arrived on the scene, defendant fled through a nearby gangway. Ms. Oliphant was arrested that night, but Mr. Wheaton did not see defendant get arrested.

¶ 4     Mr. Wheaton's lip was swollen and split. He took two photographs of his injuries on the day of the attack and identified the photographs in court (People's Ex. Nos. 1 and 2). He filed charges against defendant, on February 17, 2017, and took an additional photograph of his lip that day, which he also identified in court (People's Ex. No. 3). The photographs were admitted into evidence without objection. He waited five days between the incident and filing charges because he worked three jobs and had to wait to have time off from his various work schedules.

¶ 5     On cross-examination, Mr. Wheaton testified that Ms. Oliphant had "briefly attacked" him earlier in the day on February 12, 2017, but he had not otherwise been around her. At the time of the incident, he and Ms. Oliphant had stopped speaking because he had obtained an order of

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a)(eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

protection against her on January 22, 2017. When Ms. Oliphant opened his car door, she hit him on the face, top of his head, hand, and side. Mr. Wheaton denied that Ms. Oliphant hit him in the mouth and reiterated that defendant had hit him there. He told Ms. Oliphant that she was not supposed to be near him, and attempted to walk away, but defendant chased him and struck him. During the altercation, Mr. Wheaton was "balled up" and "they" were trying to "drag" him. When he looked up, he saw Desmond Young nearby "calling more people." Mr. Young was the boyfriend of Toni Hallom, defendant's sister. Mr. Young lived in the building Mr. Wheaton had been visiting and was outside when Mr. Wheaton was attacked. Mr. Wheaton did not see Toni there. He denied seeing defendant earlier in the day. He further denied that Ms. Oliphant had been reaching for his keys.

¶ 6     Mr. Wheaton filed a complaint against Ms. Oliphant that night. He acknowledged seeking orders of protection against defendant, defendant's cousin, Danesha Snead, and Ms. Oliphant. Mr. Wheaton had previously filed petitions for orders of protection against Ms. Oliphant in 2014, 2015, 2016, and 2017. He further acknowledged that Ms. Oliphant's cousin, Barbara Hallom, had filed for an order of protection against him following the incident. Mr. Wheaton and Ms. Oliphant were in the middle of a custody dispute.

¶ 7     Toni Hallom testified for the defense. She had known Mr. Wheaton since 2007. On the day in question, Toni and Mr. Young lived at 4018 West Monroe, across the street from the building Mr. Wheaton had been visiting. Earlier that day, Mr. Wheaton and Ms. Oliphant drove her to Walmart. At about 6 p.m., Toni was bathing her children and received a call from Mr. Young. Based on the call, she went outside and observed Ms. Oliphant and Mr. Wheaton "tussling" over some keys. Mr. Young was also there. At that time, no one was hitting anyone. At some point

during the scuffle, the keys dropped and Ms. Oliphant walked away. Toni offered to help Mr. Wheaton look for his keys in the gangway of the building. While they were looking, police officers arrived on the scene. Toni saw Mr. Wheaton punch himself in the face and run toward the police car "pulling his shirt."

¶ 8     Toni had not observed any injuries on Mr. Wheaton prior to him hitting himself. She denied seeing defendant hit Mr. Wheaton. She further denied seeing defendant on the scene because he had left before she went outside.

¶ 9     On cross-examination, Toni testified defendant had plans to visit her and Mr. Young at around 6 p.m. Mr. Young went outside to escort defendant into the home. Toni was not outside to see the physical altercation between Mr. Wheaton and defendant.

¶ 10    Desmond Young also testified for the defense. On the relevant date, he lived at his family home at 4018 West Monroe with Toni. At about 6 p.m., Mr. Young was on his front porch and observed Ms. Oliphant and defendant get out of a car which was parked on his street near his neighbor's house. Mr. Wheaton was in the driver's seat. Defendant walked to Mr. Young's porch. As Ms. Oliphant walked away from the car, Mr. Wheaton said something to her and the two began arguing. Ms. Oliphant walked back toward the car and she and Mr. Wheaton started "tussling for the keys." Ms. Oliphant hit Mr. Wheaton, but Mr. Young could not see where she hit him. Mr. Wheaton attempted to exit the car and run off with the car keys toward the building. The two continued to "tussle" over the keys, as Mr. Young and defendant watched from the porch. Mr. Young called Toni to come outside. Ms. Oliphant hit Mr. Wheaton again "[p]robably like on the chin." Defendant left the scene and the police subsequently arrived. As they pulled up, Mr. Wheaton dropped the keys and "started trying to plead like he didn't have nothing to do with—

like he was innocent, but he actually started all of it." Mr. Young did not see defendant hit Mr. Wheaton. Defendant stayed on the porch.

¶ 11    On cross-examination, Mr. Young testified that at the time of the incident, he lived with Toni. Toni sometimes stays in Carpentersville as does Ms. Oliphant. Mr. Wheaton was not driving the car that night, but moved to the driver's seat. Defendant left the scene prior to speaking with police because his ride arrived. Mr. Young did not hear anyone call the police, but believed Mr. Wheaton called them prior to arriving on West Monroe.

¶ 12    The court found defendant guilty of domestic battery and sentenced him to 60 days' imprisonment. It noted Mr. Wheaton testified that defendant punched him in the mouth and he had injuries consistent with being hit in the mouth. The court found Toni's testimony that Mr. Wheaton punched himself in the mouth not credible. Based on the photographic evidence and Mr. Wheaton's testimony, the court found the State had proved defendant guilty beyond a reasonable doubt.

¶ 13    In ruling on defendant's motion for a new trial, the court reiterated its findings that Mr. Wheaton testified consistently and credibly, while Toni's testimony was "completely inconsistent or incredible." The court also pointed out that both sides had "motive, interest, and bias" because of their familial relationships and it considered that in making its ruling. It further noted that its ruling was based on Mr. Wheaton's testimony, the photographic evidence, and defendant's flight from the scene.

¶ 14    On appeal, defendant challenges the sufficiency of the evidence to sustain his conviction. Specifically, he contends the evidence was insufficient to show he hit Mr. Wheaton, because the only evidence to that effect came from Mr. Wheaton himself.

¶ 15    On a challenge to the sufficiency of the evidence, we inquire " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis omitted.) *People v. Davison,* 233 Ill. 2d 30, 43 (2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In so doing, we draw all reasonable inferences in favor of the State (*Davison*, 233 Ill. 2d at 43), and we do not retry the defendant (*People v. Collins*, 106 Ill. 2d 237, 261 (1985)). The State must prove each element of an offense beyond a reasonable doubt. *People v. Siguenza-Brito*, 235 Ill. 2d 213, 224 (2009). We will not overturn a criminal conviction "unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *People v. Givens,* 237 Ill. 2d 311, 334 (2010).

¶ 16    As charged here, a person commits domestic battery if he "knowingly without legal justification by any means *** [c]auses bodily harm to any family or household member." 720 ILCS 5/12-3.2(a)(1) (West 2016). Defendant does not argue that Mr. Wheaton was not a family or household member. Rather, defendant argues the evidence did not prove that he was the person who hit Mr. Wheaton and caused Mr. Wheaton's injuries.

¶ 17    After viewing the evidence in the light most favorable to the State, we find that a rational trier of fact could conclude that defendant hit Mr. Wheaton and was guilty of misdemeanor domestic battery beyond a reasonable doubt. Mr. Wheaton testified that while he was in his car on West Monroe, defendant's sister Ms. Oliphant approached him and opened the car door. When Mr. Wheaton exited the car and attempted to walk away, defendant "came from behind the car" and hit him with a closed fist in the mouth, causing a cut and swelling to his lip. See 720 ILCS 5/4-5 (West 2016) (A person acts knowingly if he is "consciously aware that the result is practically

certain to be caused by his conduct."). Mr. Wheaton tried to walk away and defendant chased him and "they" attempted to "drag" him. Although the police later arrived on the scene, defendant had fled through a gangway. Mr. Wheaton also identified photographs taken both the day of the incident and the day he filed a report, which depicted the injuries to his lip as a result of the attack. He repeatedly testified that, although Ms. Oliphant hit him, it was defendant who hit him in the mouth. This was sufficient to show that defendant knowingly caused bodily harm to Mr. Wheaton. *People v. Smith*, 185 Ill. 2d 532, 541 (1999) (It is well established that "[t]he testimony of a single witness, if it is positive and the witness credible, is sufficient to convict.").

¶ 18    In reaching this conclusion, we disagree with defendant's contention that because the defense witnesses testified he did not hit Mr. Wheaton, the evidence was insufficient to establish his guilt. Defendant acknowledges the "case came down to a credibility contest" but argues the defense witnesses presented a more credible theory. However, it was the responsibility of the trial court, sitting as trier of fact, to assess the credibility of the witnesses and resolve inconsistencies in the evidence. *Siguenza-Brito*, 235 Ill. 2d at 228 (It is within the province of the trier of fact "to determine the credibility of witnesses, to weigh evidence and draw reasonable inferences therefrom, and to resolve any conflicts in the evidence."). The court in this case explicitly acknowledged that each side had its own biases, but nevertheless found Mr. Wheaton credible and that his testimony had been corroborated by physical evidence. Defendant merely disagrees with the trial court's findings. However, defendant's claim that a witness was not credible, standing alone, is insufficient to reverse a conviction. *Id*. Further, the trial court was not required to believe the defense theory of the case simply because it contradicted the theory presented by the State. See *e.g.*, *People v. Moore*, 2014 IL App (1st) 112592, ¶ 33 ("[T]he fact finder need not disregard

inferences that flow normally from the evidence or seek all possible explanations consistent with innocence and elevate them to reasonable doubt."). Because the evidence was not "so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt," we affirm defendant's conviction for misdemeanor domestic battery. *Givens,* 237 Ill. 2d at 334.

¶ 19    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 20    Affirmed.